People v Parson (2023 NY Slip Op 03100)

People v Parson

2023 NY Slip Op 03100

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND OGDEN, JJ.

157 KA 19-00782

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COLLICE PARSON, ALSO KNOWN AS C, DEFENDANT-APPELLANT. 

ERIK TEIFKE, PUBLIC DEFENDER, ROCHESTER (JONATHAN GARVIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered February 25, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree and criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). As defendant contends and the People correctly concede, defendant's waiver of the right to appeal was inadequate under People v Thomas (34 NY3d 545 [2019], cert denied — US —, 140 S Ct 2634 [2020]) and, therefore, it "does not preclude our review of [his] challenge to the severity of [his] sentence" (People v Baker, 158 AD3d 1296, 1296 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]). We conclude that his sentence is not unduly harsh or severe.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court